# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| NATHAN ALLISON,<br>    Plaintiff, | Case No. 1:18-cv-100 |
| vs | Dlott, J.<br>Bowman, M.J. |
| TROOPER MARK JOHNSON,<br>    Defendant. | **REPORT AND**<br>**RECOMMENDATION** |

Following plaintiff's initiation of this 42 U.S.C. § 1983 action, the Court ordered plaintiff to show cause why the case, which appeared to raise a constitutional challenge to a pending criminal charge, should not be stayed pending resolution of the underlying criminal case in state court. (Doc. 4). Plaintiff was notified that his failure to comply with the Court's Order would result in the dismissal of his complaint for want of prosecution. (Doc. 4, at PageID 35).

To date, long after the thirty-day period for plaintiff to comply with the Court's Order has expired, plaintiff has failed to respond. "District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for plaintiff's failure to comply with the Court's Order to Show Cause (Doc. 4).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution. **IT IS SO RECOMMENDED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NATHAN ALLISON,
    Plaintiff,

vs

TROOPER MARK JOHNSON,
    Defendant.

Case No. 1:18-cv-100

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

2